**James BRYANT, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 03–1222.**

United States Court of Appeals,
Sixth Circuit.

Aug. 26, 2004.

Margaret Raben, Gurewitz & Raben, Detroit, MI, for Petitioner–Appellant.

Kathleen Moro Nesi, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Respondent–Appellee.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge.

James Bryant appeals the district court's partial denial of his motion to vacate his sentence. Because Bryant raises arguments on appeal that he did not raise to the district court, we decline to consider those arguments and affirm.

I

In 1992, Bryant pleaded guilty, without a plea agreement, to distribution of controlled substances in violation of 18 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At the plea hearing, the district court judge told Bryant—erroneously—that the statutory maximum term of imprisonment for the drug charges was twenty years. The judge did not advise Bryant his imprisonment would be followed by a period of supervised release. As for the Sentencing Guidelines, Bryant's attorney calculated a range of 97–121 months, but

the prosecutor calculated a range of 135–168 months. The judge explained that he could not predict which range was correct because he did not have a presentence report. At the sentencing hearing, the judge relied on a presentence report that determined the Guideline range to be 168–210 months. The judge sentenced Bryant to 200 months imprisonment followed by sixty months supervised release.

Bryant appealed, and this court remanded for the district court to conduct an evidentiary hearing to determine the drug quantities involved. The district court again sentenced Bryant to 200 months imprisonment followed by sixty months supervised release, and this court affirmed. Bryant then moved to vacate his sentence under 28 U.S.C. § 2255. The district court denied Bryant's motion, and Bryant filed a motion to alter or amend the judgment, which the district court granted in part and denied in part. The district court resentenced Bryant to 180 months imprisonment and sixty months supervised release, so that his total sentence did not exceed twenty years. Bryant then applied for a certificate of appealability. Both the district court and this court denied Bryant's application. This court later affirmed the district court's resentencing without prejudice to Bryant's right to renew his application for a certificate of appealability. Bryant again applied for a certificate of appealability. The district court denied his application, but this court granted it.

## II

We will not consider on appeal claims Bryant failed to raise in his § 2255 motion. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir.2000). Bryant argues on appeal that the district court violated his due process rights because his plea was not knowing and voluntary. According to

Bryant, he pleaded guilty believing that the longest sentence he could receive was 168 months. But Bryant argued in his § 2255 motion and his motion to alter or amend the judgment that he believed the maximum sentence was twenty years. Bryant's arguments in his § 2255 motion about the miscalculation of his Guideline sentence concern his ineffective assistance of counsel claim, not his due process claim. Because Bryant failed to argue to the district court that incorrect information about his possible Guideline sentence violated his due process rights, Bryant has forfeited that argument on appeal.

## III

Because Bryant forfeited the claim he now argues by failing to raise it to the district court, we affirm the district court's denial of Bryant's motion to vacate his sentence.